TEN EYCK v. THE DELAWARE & RARITAN CANAL CO.

In Case.    Matter of Practice.

1. After argument of a general demurrer to several special pleas in bar and judgment for the plaintiff on that demurrer, overruling the special pleas, the plaintiff was permitted to amend his declaration by adding a new count, stating another injury done him by means of the same wrongful act complained of in the declaration.
2. Amendments are now entirely in the sound discretion of the court, and will be allowed wherever the advancement of justice requires it.
3. Each case must depend upon its own particular circumstances.

*Mr. Vroom* for the plaintiff moved for leave to amend the declaration, by adding a count for an injury done to the plaintiff's fishery; or by inserting it in the former count as one of the grounds for which the plaintiff seeks to recover in damages.

*J. S. Green* for defendants, objects that to permit such amendment would be going further than the courts have yet gone; that the amendment proposed would substantially introduce a new

cause of action on the record, and deprive the defendants of the protection of the statute of limitations. He insisted the motion came too late. The cause had already been before the court on demurrer to the defendants' pleas which had been put in to the declaration as it now stands: those pleas had been overruled on demurrer, and the defendants subjected to the costs ; and he inquired what was to be the effect of granting such amendment now, in reference to that matter. 3 *Harr. R.* 200.

*Vroom* in reply denied that the amendment would introduce a new cause of action ; it would only be a further specification of the injurious manner in which the plaintiff had been affected, by the conduct of the defendants, complained of in the declaration.

Opinion of the Court, delivered by

HORNBLOWER, C. J. Amendments are constantly allowed not only after demurrers, but after judgment on demurrer against the party asking leave to amend. The only difference in this case is, that the plaintiff demurred to the defendants' pleas, and has had judgment in his favor on that demurrer ; and now seeks to amend his declaration, not for the purpose of removing any objection to it ; but to enlarge his cause of action, or at least to extend the grounds upon which he claims damages for the cause of action already set forth in his declaration.

Though I have not met with any case precisely like this, yet I cannot see, upon principle, why a party may not amend his declaration or plea, even after it has been pronounced good, upon demurrer, if by such amendment he supposes he can place himself on better ground before the court. The mere circumstance that the defendants have once interposed pleas to the declaration, which have been overruled on demurrer, cannot I think, deprive the court of the power of allowing amendments. The cause now stands on the general issue, and is in the same condition as if no other plea had ever been filed. The only questions are, whether this application has been made in time ; and whether the declaration is amendable in the manner proposed.

It was formerly the rule, that a new count could not be added, nor any amendment equivalent to adding a new count, be made,

after two terms, reckoning the term in which the declaration had been delivered, as one of them.    *Anbeer* v. *Barker*, 1 *Wils.* 149 ; *Nisbett* v. *Griffith, Sayre's R.* 97.    But even that rule was subject to various exceptions, and was by no means uniformly adhered to.    *Savery* v. *Serle, Sayre's R.* 150 ; *Cope* v. *Marshall, Id.* 234 ; *Bearcroft* v. *The Hundreds of &c.* 3 *Lev.* 347 ; *The Executors of Marleborough* v. *Widmore,* 2 *Str.* 890 ; *Garway* v. *Stevens, Barnes' Notes* 19.    But the rule so far as it prevailed, was founded on the principle that the plaintiff would be out of court unless he declared before the end of the second term ; and therefore the courts would not permit him to declare upon a fresh cause of action after that time had elapsed.    This rule was never strictly applicable to the practice of this court ; and the modern practice of all the courts of Westminster Hall, is to permit new counts to be added even after the second term, when the cause of action is substantially the same.    1 *Petersd. Abr.* 532, in note ; *Freen et al.* v. *Cooper,* 2 *Marsh.* 59 ; *S. C.* 6 *Taunt.* 358 ; *Brown* v. *Crump,* 1 *Marsh.* 609 ; *S. C.* 6 *Taunt.* 300 ; *Horston* v. *Shilliter,* 6 *Moore* 490.    Nevertheless the application for amendment at the common law, must be made in a reasonable time, and will be refused if the plaintiff has been dilatory.    *Ranking et al.* v. *Marsh,* 8 *T. R.* 30 ; *Goff* v. *Popplewill,* 2 *T. R.* 707 ; 1 *Tidds Pr.* 659 ; *Maddock* v. *Hammett,* 7 *D. and E.* 55.

This case has been at issue upon the plea of not guilty, ever since February term, 1841, when judgment was given on the demurrer ; since which time, three Circuits have intervened, and why it has not been tried, does not appear to the court ; but no complaint on the score of delay was made on the argument. We may therefore conclude, that the motion for leave to amend, is not obnoxious to the objection of negligence on the part of the plaintiff.    It only remains therefore, to inquire, whether the amendment proposed, is of such a character, as ought to be permitted in this stage of the cause.

The wrong complained of in the declaration as it now stands, is that the defendants, by means of their dam &c. caused the water to run with violence over the plaintiff's lands, wearing away the soil, and destroying his crops. He now wishes to amend the declaration by inserting in one of the present counts, a complaint, that the defendants by means of their dam &c. have

injured or destroyed his fishery, or to add a new count to that effect.

Upon this point, I have had some hesitation ; but upon looking into the cases and considering the question upon principle, I am of opinion the declaration may be amended as proposed. The foundation of the plaintiff's action, is the unlawful erection of a dam across the river and thereby obstructing the natural flow of the water, to the injury of the plaintiff. That injury may arise in various ways : it may be by drowning his grass ; destroying his crops ; washing away his soil ; breaking up his fishery, and in other ways. And though a separate action would lie for each of those injuries ; yet if they are all occasioned by one and the same act, they may all be complained of in one and the same action. To amend the declaration therefore, in this particular, is not to introduce a new and original cause of action, but only to amplify and extend the enumeration of particulars, in which the unlawful erection of a dam, has contributed to the injury of the plaintiff.

Many of the cases, in my opinion, have gone much further than this. In *Bearcroft* v. *The Hundred of &c.* 3 *Lev.* 347, the plaintiff had declared for a robbery of himself, and he was allowed to amend by alleging the robbery to be of a servant. Again, in *The Exec's. of Marleborough* v. *Widmore,* 2 *Str.* 890, leave was given to insert a count upon a promise to themselves ; and in both these cases, the amendments were permitted, to save the actions from the operation of the statute of limitations ; and the courts have gone further in granting amendments for that purpose, than I should be willing to do now, if not constrained by the force of authority ; especially since the statute of limitations has been restored to the favor of courts, and permitted to have its just and salutary influence. In *Maddock q. t.* v. *Hammett,* 7. *T. R.* 55, the true rule is laid down : namely, that amendments will be granted, to save the case from the statute of limitations, if the plaintiff has not been guilty of any unnecessary delay ; and if the amendment proposed is not to introduce " a new substantial cause of action." Amendments have been made, changing even the form of action from assumpsit to debt. *Billing* v. *Flight,* 6 *Taunt.* 419 ; *Billing* v. *Pooley, Id.* 422 ; and in *Levett* v. *Kibblewhite,* 6 *Taunt.* 483 ; Gibbs, Ch. J. said, " It cer-

tainly is in the discretion of the court to grant amendments of this sort." But it was refused in that case because it would affect the bail. In short, amendments are entirely in sound discretion of the court, and each case must depend upon its own particular circumstances. *Rex* v. *Grampound*, 7 *T. R.* 699 ; *Brown* v. *Crump*, 8 *Taunt.* 300 ; *Freen et al.* v. *Cooper, Id.* 358 ; *Horston* v. *Shilliter*, 6 *Moore*, 490 ; in 17 *English Com. Law R.* 51, and a great variety of other English cases, and the decisions in this court in *Salter* v. *Salter*, 1 *Halst.* 405 ; and *Rogers* v. *Phinney*, 1 *Green* 1, are all to the same effect, and fully warrant us in allowing the amendment asked for : but, as a right of fishery is a matter to which the defendants may wish an opportunity of giving a separate answer, let the amendment be made by adding a new count to the declaration and on payment of costs, if the defendants shall think proper to plead de novo.

*Amendment allowed.*

CITED *in Lomerson* v. *Hoffman*, 4 *Zab.* 676.